UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:20-CR-314 RLW ) |
| ANTHONY MADISON, | ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

This case is before the Court on Defendant Anthony Madison's Motion for Sealing (ECF No. 54) of his sentencing memorandum and an exhibit thereto, a psychological evaluation report. Defendant states this is "due to the use of his medical records and information, as well as school records from when he was a minor." (Id. at 1.) In the Sealed Memorandum in Support of the Motion for Sealing, Defendant adds:

> Mr. Madison seeks to redact references to his medical diagnoses and health history. United States v. Kravetz, 706 F.3d 47, 63 (1st Cir. 2013) ("Medical information is, as intimated above, universally presumed to be private, not public.") (internal quotations and citation omitted). Mr. Madison also seeks to redact references to his school records from when he was a minor due to confidentiality concerns. See 20 U.S.C. § 1232(g) (The Family and Educational Rights Privacy Act of 1974 (FERPA)).

(ECF No. 55 at 1.) Despite stating that he seeks to redact certain references, Defendant asks that he be excused entirely from the redaction requirement of Local Rule 13.05, "[g]iven the intertwined nature of Mr. Madison's health references and his school records[.]" Id. at 2.

**Discussion**

The Eighth Circuit has recently reiterated in the context of personal medical records the common law presumption of public access to judicial records. See United States v. Gray, 59 F.4th

329, 332-34 (8th Cir. 2023) (ordering appellate briefs unsealed in civil commitment case; these included "references to 'personal information and psychiatric records' regarding Gray's 'medical and mental health issues'"); see also United States v. Garner, 39 F.4th 1023, 1024 (8th Cir. 2022) (denying motion to seal brief that included "psychological reports and conclusions").

The Eighth Circuit explained that the presumption of public access to judicial records "is based on the need for the federal courts 'to have a measure of accountability and for the public to have confidence in the administration of justice.'" Gray, 59 F.th at 333 (quoted case omitted). "That need is particularly acute when a proceeding involves the deprivation of a person's liberty." Id. In Garner, the Eighth Circuit observed that publicly filed briefs frequently address private medical information in cases concerning federal disability benefits, insanity defenses in criminal cases, medical malpractice, and eligibility for execution in capital cases. 39 F.4th at 1024. In these and other kinds of cases, "a court's decision on the merits often depends on an assessment of medical or psychological evidence." Id. A party that seeks to seal such documents in a case must explain why information that is relevant to the Court's decision "should not be available for public scrutiny." Id.

Here, Defendant's motion to seal summarily cites his privacy concerns. Based on Gray and Garner, the Court finds that Defendant's motion to file his sentencing memorandum and the psychological evaluation report of Dr. Kaufman should be denied. While these documents discuss personal and private information concerning Defendant's mental and physical health conditions and the results of his psychological evaluations in elementary school, they are being offered to the Court for assessment as relevant to its sentencing decision. Under these circumstances, the Court finds that the public's right to access the information in the sentencing memorandum and psychological evaluation report outweighs Defendant's interests in confidentiality. The Court will

2

permit Defendant to redact references in the psychological evaluation report to his sensitive medical diagnosis, however.

Defendant also asserts that information in his motion is protected from disclosure by FERPA, 20 U.S.C. § 1232(g). Defendant offers no citation to case authority, statutory analysis, or explanation in support of this assertion.

"FERPA is a Federal law that protects the privacy of students' education records and applies to educational agencies (e.g., school districts) and institutions (i.e., schools such as public elementary or secondary schools, and institutions of postsecondary education such as colleges or universities) that receive funding under any program administered by the U.S. Department of Education (Department)." United States Department of Education Student Privacy Policy Office, SPPO-23-02, "Family Educational Rights and Privacy Act Guidance for School Officials on Student Health Records," April 12, 2023, at 1.[1] "FERPA's nondisclosure provisions . . . speak only in terms of institutional policy and practice, not individual instances of disclosure." Gonzaga Univ. v. Doe, 536 U.S. 273, 276 (2002) (citing 20 U.S.C. §§ 1232g(b)(1)-(2), prohibiting the funding of "any educational agency or institution which has a *policy or practice* of permitting the release of education records").

Defendant's Sentencing Memorandum and psychological evaluation report do not involve disclosure of Defendant's school psychological evaluation records by an educational agency or institution with a policy or practice of permitting the release of education records. Thus, FERPA's nondisclosure provisions appear to be inapplicable here.

The Department of Education's Guidance cited above also discusses health records, which may or may not be considered education records under FERPA, depending on circumstances:

---

[1] See https://studentprivacy.ed.gov/resources/family-educational-rights-and-privacy-act-guidance-school-officials-student-health-records (last visited July 5, 2023).

> Under FERPA, education records may include any student's health records that are maintained by schools or their agents. However, health records of *eligible* students – students who are at least 18 years old or who are attending a postsecondary institution at any age – that qualify as "treatment records" are excluded from the definition of "education records" under FERPA. Records qualify as "treatment records" if they are records on an eligible student that are made or maintained by a physician, psychiatrist, psychologist, or other recognized professional or paraprofessional acting in his or her professional or paraprofessional capacity or assisting in that capacity; made, maintained, or used only in connection with providing treatment to the eligible student; and disclosed only to the persons providing such treatment, 34 CFR 99.3, except that the eligible student may have those records reviewed by a physician or other appropriate professional of the student's choice. 34 CFR 99.10(f).

Id. at 2.

Even if FERPA applied in the context of this case, Defendant's school psychological evaluation records may not qualify as "education records" but instead may be excluded "treatment records." Based on the Guidance quoted above, Defendant is an "eligible" student under FERPA because he is over the age of 18. Defendant presumably gave Dr. Kaufman, a licensed psychologist, permission to review his school evaluation records, and Dr. Kaufman used those records in his professional capacity in preparing Defendant's psychological evaluation, but does not offer the records themselves for the Court's review. Under these circumstances, the Court concludes FERPA does not provide a basis for filing Defendant's sentencing memorandum and psychological evaluation report under seal.

For these reasons, Defendant's Motion for Sealing will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Anthony Madison's Motion for Sealing of his sentencing memorandum and psychological evaluation report of Dr. Kaufman (ECF No. 54) is **DENIED**. Defendant has fourteen (14) days to appeal this order or file a motion to withdraw the

documents. See Local Rule 13.05(A)(4)(g). If no such appeal or motion is timely filed, the documents will be filed in the public record.

**IT IS FURTHER ORDERED** that Defendant may file his Sentencing Memorandum and psychological evaluation report in the public record, and may redact references to his sensitive medical diagnosis.

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 5th day of July, 2023.

5